**FILED**

SEP 1 6 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE DOUGLAS HOSKINS,<br><br>Defendant. | Cause No. CR 04-35-M-DWM<br>CV 16-121-M-DWM<br><br>ORDER RECHARACTERIZING MOTION AND REQUIRING DEFENDANT TO SHOW CAUSE |

On September 8, 2016, Defendant Hoskins moved the Court to order the United States to return property to him under Fed. R. Crim. P. 41(g).

As Hoskins recognizes, a motion filed under Rule 41(g) after criminal proceedings have concluded is treated as a civil complaint. The Federal Rules of Civil Procedure apply. *See, e.g.*, *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Although the Court has not found a published Ninth Circuit decision on point, the six-year limitations period governing civil actions against the United States, 28 U.S.C. § 2401(a), has been noted in an unpublished Ninth Circuit case. *United States v. Ramirez*, 339 Fed. Appx. 716, 717 (9th Cir. 2009) (unpublished mem. disp.). In *Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007), the Second

Circuit held that, where there has been no civil forfeiture proceeding[1] but there has been a related criminal proceeding, the cause of action for return of the property accrues "at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." *Bertin*, 478 F.3d at 493. Here, it appears that date was March 14, 2005, when the criminal judgment was entered. Hoskins should have filed an action seeking return of his property on or before March 17, 2011. He did not file until September 8, 2016, five and a half years too late. Consequently, Hoskins must show cause why his claim should not be dismissed with prejudice as time-barred. *See, e.g., Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335-36 (9th Cir. 2015) (recognizing district court's authority to act *sua sponte* under Fed. R. Civ. P. 12(b)(6) after giving notice and an opportunity to respond); *see also* 28 U.S.C. § 1915A(a), (b)(1) (imposing screening requirement).

In addition, if Hoskins' claim is to be treated as a civil matter and the limitations period is set by 28 U.S.C. § 2401(a), 28 U.S.C. § 1914(a) should also apply. Hoskins must pay the filing fee of $350.00. *Id.* He may apply for leave to proceed in forma pauperis. *Id.* § 1915(a). If he is granted leave to proceed in forma pauperis, he must still pay the full filing fee, but he may do so in

---

[1] Hoskins asserts there was no forfeiture proceeding. Mot. (Doc. 420) at 2-3. The docket reflects that a preliminary order of forfeiture was entered on August 24, 2005 (Doc. 265), but as that entry predates electronic filing, the content of the order is not readily available.

2

installments. *Id.* § 1915(b).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The clerk shall open a civil file and docket the motion as a complaint with Hoskins as the plaintiff and the United States as the defendant.

2. Hoskins must respond to this Order on or before **October 4, 2016.** Failure to do so will result in dismissal of the civil action with prejudice as time-barred and for failure to state a claim on which relief may be granted. Hoskins' filing of the action will also count as one strike against him, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (g).

3. The clerk shall include a form motion to proceed in forma pauperis with Hoskins' service copy of this Order.

DATED this 16th day of September, 2016.

Donald W. Molloy
United States District Court