IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 0 4 2016
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SHANE DOUGLAS HOSKINS, <br><br> Defendant. | Cause No. CR 04-035-M-DWM <br> CV 16-121-M-DWM <br><br> ORDER OF DISMISSAL |

On September 8, 2016, Defendant Hoskins moved the Court to order the United States to return property to him under Fed. R. Crim. P. 41(g). On September 16, 2016, the Court recharacterized the motion as a civil complaint and required Hoskins to show cause why it should not be dismissed with prejudice as time-barred. Hoskins was also required to pay the filing fee or file a motion to proceed in forma pauperis. He responded on October 3, 2016.

I find that Hoskins has made a sufficient showing that he cannot afford to pay the filing fee. As he was previously advised, he will be permitted to pay in installments. The facility where he is incarcerated will be required to collect payments. *See* 28 U.S.C. § 1915(b)(1).

Hoskins contends that his cause of action should be held to have accrued

1

either on the date when he discovered the property was forfeited or the date he could reasonably be expected to inquire about forfeiture. *See* Resp. to Order (Doc. 423) at 5. He also asserts that the limitations period is an affirmative defense to be proved by the United States, the defendants in the civil action.

Complaints filed by persons proceeding in forma pauperis and complaints filed by prisoners who are seeking redress from a governmental entity are subject to review by the Court before any responding party is required to appear. The Court must "identify cognizable claims or dismiss the complaint" if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(a), (b)(1); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335-36 (9th Cir. 2015) (recognizing district court's authority to act *sua sponte* under Fed. R. Civ. P. 12(b)(6) after giving notice and an opportunity to respond).

Hoskins' complaint fails to state a claim on which relief may be granted. A six-year limitations period applies to civil actions against the United States. *United States v. Ramirez*, 339 Fed. Appx. 716, 717 (9th Cir. 2009) (unpublished mem. disp.). In *Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007), the Second Circuit held that, where there has been no civil forfeiture proceeding[1] but there has been a

---

[1] Hoskins asserts there was no forfeiture proceeding. Mot. (Doc. 420) at 2-3; Resp. to Order at 1, 3. The docket reflects that a preliminary order of forfeiture was entered on August 24, 2005 (Doc. 265), but as that entry predates electronic filing, the content of the order is not

2

related criminal proceeding, the cause of action for return of the property accrues "at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." *Bertin*, 478 F.3d at 493. Here, that date was March 14, 2005, when the criminal judgment was entered. Hoskins should have filed an action seeking return of his property on or before March 17, 2011. He did not file until September 8, 2016, five and a half years too late.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hoskins' motion to proceed in forma pauperis (Doc. 423-1, 423-2) is GRANTED. Prepayment of 20% of the filing fee is waived. The facility where Hoskins is incarcerated will be ordered to collect funds from his inmate trust account on a monthly basis.

2. Hoskins' complaint is DISMISSED WITH PREJUDICE as time-barred and for failure to state a claim on which relief may be granted.

3. The clerk shall enter, by separate document, judgment in favor of the United States and against Hoskins.

4. Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)93)(A) and (4)(B), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

---

readily available. No final order of forfeiture was entered.

5. The docket will reflect that Hoskins' filing of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (g).

DATED this 4th day of October, 2016.

Donald W. Molloy
United States District Court