
FILED

OCT 24 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE DOUGLAS HOSKINS,<br><br>Defendant. | Cause No. CR 04-035-M-DWM<br>CV 16-121-M-DWM<br><br>ORDER DENYING<br>RULE 59 MOTION |

Criminal judgment was entered against Defendant Hoskins on March 14, 2005. On September 8, 2016, Hoskins moved the Court to order the United States to return property to him under Fed. R. Crim. P. 41(g). On September 16, 2016, the Court recharacterized the motion as a civil complaint and required Hoskins to show cause why it should not be dismissed with prejudice as time-barred. Hoskins was also required to pay the filing fee or file a motion to proceed in forma pauperis. He responded on October 3, 2016. On October 4, 2016, the complaint was dismissed, the filing fee was assessed, and the Court certified that any appeal would be taken in bad faith.

1

On October 17, 2016, Hoskins moved the Court to alter or amend the judgment under Fed. R. Civ. P. 59(e). He states the Court could have simply denied his motion under Fed. R. Crim. P. 41(g). But, first, Hoskins himself pointed out that his motion should be "treated as a civil complaint" because "there are no criminal proceedings pending against the defendant." Mot./Compl. to Return Property (CR 04-35-M Doc. 420, CV 16-121-M Doc. 2) at 1 (citing cases). Recharacterization of the pleading, therefore, came as no surprise to him. Second, although the Court is not aware of any requirement to notify and warn prisoners of the existence of 28 U.S.C. § 1915 before dismissing a complaint or assessing a strike under § 1915(g), Hoskins was actually notified of what the Court intended to do. *See* Order to Show Cause (CR 04-35-M Doc. 421, CV 16-121-M Doc. 1). He could have withdrawn the pleading if he wished to avoid the consequences he now seeks to elude. Finally, Hoskins' own exhibits show that he was notified of the seizure of the items in question in 2004, *see id.* Exs. A, B; Superseding Indictment (CR 04-35-M Doc. 18), and was asked, on January 13, 2006, what he wanted done with them. Mot./Compl. Ex. C. Even so, not until September 2016 did Hoskins seek their return "or . . . monetary relief for loss of or negligent disposition of property if not available." *Id.* at 4.

The pleading Hoskins filed was frivolous and failed to state a claim. There can be no harm nor foul in saying so.

2

Accordingly, IT IS HEREBY ORDERED that Hoskins' Rule 59 motion (CR 04-35-M Doc. 425, CV 16-121-M Doc. 7) is DENIED.

DATED this 14th day of October, 2016.

Donald W. Molloy
United States District Court