UNITED STATES DISTRICT COURT
for the
District of Montana

**FILED**
**NOV 14 2016**
Clerk, U.S Courts
District Of Montana
Missoula Division

United States of America
v.
SHANE DOUGLAS HOSKINS )
)
) Case No: CR 04-35-M-DWM-01
)
) USM No: 02518-046

Date of Original Judgment: 03/14/2005
Date of Previous Amended Judgment:
(Use Date of Last Amended Judgment if Any)

Pro se
Defendant's Attorney

# ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant's motion is denied because the applicable sentencing range would have been the same even if Amendment 782 had been in place at the time of his sentencing. Admittedly, Amendment 782 reduces from 38 to 36 the base offense level for Counts I and II. However, the total offense level would have been the same because even with the two-level reduction, the defendant's offense level would still exceed 43, resulting in the same total offense level of 43. See USSG Ch. 5 Pt. A, app. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."). Because the defendant's "sentencing range" has not been lowered, he is not eligible for a reduction pursuant to 18 U.S.C. 3582(c)(2). See also USSG 1B1.10 app. n. 1(A) (noting that a reduction is not consistent with the policy statements issued by the Sentencing Commission if "the amendment does not have the effect of lowering the defendant's applicable guideline range"); United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (discussing the difference between a change in "sentencing range" versus a change in "offense level"). Accordingly, the Court lacks the authority to reduce the defendant's sentence.

Except as otherwise provided, all provisions of the judgment dated ___03/14/2005___ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: November 14, 2016

Effective Date: _____
*(if different from order date)*

_____
Judge's signature

Donald W. Molloy, District Judge
Printed name and title